UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Dwayne H. St. Thomas, | ) | CASE NO. 5:24 CV 1008 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Ohio Edison, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Dwayne H. St. Thomas has filed a civil complaint in this case against Ohio Edison and its CEO Brian X. Tierrney. (Doc. No. 1.) In his complaint, plaintiff contends his electricity was wrongfully disconnected because he mailed a "negotiable instrument" to Ohio Edison on June 4, 2024. (*Id*. At 4, ¶ III.) Purporting to assert a federal claim under the Uniform Commercial Code ("UCC") § 3-604, he seeks $10,000 in damages and to have his electricity restored. (*Id*. at 4-5, ¶¶ II and IV.)

Federal courts are courts of limited jurisdiction and must dismiss any case in which they determine federal subject-matter jurisdiction is lacking. *See Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 F. App'x 486, 487, 2001 WL 493392 (6th Cir. May 1, 2001). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Upon review, the Court finds that plaintiff's complaint must be dismissed for lack of subject-matter jurisdiction.

Federal subject-matter jurisdiction exists under 28 U.S.C. § 1331 when a claim arising under federal law is presented on the face of a plaintiff's well-pleaded complaint. *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc*., 287 F.3d 568, 573 (6th Cir. 2002). Federal jurisdiction may also be invoked under 28 U.S.C. § 1332 when the plaintiff presents a state-law claim between parties of completely diverse citizenship and where the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest. *See* 28 U.S.C. §1332. The party seeking to invoke federal jurisdiction bears the burden of demonstrating jurisdiction. *Eastman v. Marine Mech. Corp*., 438 F.3d 544, 549 (6th Cir. 2006); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff's complaint asserts no claim over which the Court may exercise federal subject-matter jurisdiction.

Although plaintiff refers to the UCC in his complaint as if it were a federal law under which he asserts a cause of action, the UCC "is not a federal law but rather a set of model laws governing commercial transactions in the United States that have been adopted separately by the states." *Broughton v. Truist Bank*, No. 23-CV-6042, 2024 WL 3227948, at *3, n. 6 (S.D.N.Y June 27, 2024), citing *Kemp v. United States*, 124 Fed. Cl. 387, 393 (2015); *Moss v. Stanley*, No. 8:20-CV-3194, 2020 WL 6111002, at *2 (D.S.C. October 16, 2020). Accordingly, any claim plaintiff seeks to assert arises under the UCC as adopted by the State of Ohio, which is a state-law claim. *See* Ohio Rev. Code Chapter 1301. His complaint alleges no viable claim arising under federal law.

In addition, there is no basis for an exercise of diversity jurisdiction over a state-law claim. Plaintiff's complaint on its face indicates that he and defendants are all citizens of the same state,

2

and he does not allege a claim in excess of $75,000 exclusive of interest and costs.

## Conclusion

Accordingly, this action is dismissed for lack of federal subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). This dismissal is without prejudice to any state-law claim plaintiff may properly assert in state court. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915(a)(3).

IT IS SO ORDERED.

**DATE: September 4, 2024**

                                                  */s/ John R. Adams*
                                                  JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE